# EXHIBIT "A"

# General Civil Case Filing Information Form (Non-Domestic)

FR IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

**Court**
☐ Superior
☑ State

**County** Gwinnett

**Docket #** 17 C 03162-4

**Date Filed** 05/17/2017
MM-DD-YYYY   2017 MAY 17 PM 2:19

RICHARD ALEXANDER, CLERK

## Plaintiff(s)

Elsayed   Maher

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|
|      |       |           |        |        |  |        |

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|
|      |       |           |        |        |  |        |

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|
|      |       |           |        |        |  |        |

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|
|      |       |           |        |        |  |        |

**No. of Plaintiffs** 1

## Defendant(s)

Pennington   Laketa

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
|      |       |           |        |        |        |

Bulkmatic Transport Company

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
|      |       |           |        |        |        |

National Union Fire Insurance Company of Pittsbu

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
|      |       |           |        |        |        |

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
|      |       |           |        |        |        |

**No. of Defendants** 3

## Plaintiff/Petitioner's Attorney          ☐ Pro Se

Castro   Daniel   F.

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 116157

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

### If Tort is Case Type:
### (Check no more than TWO)

☑ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

00004

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Maher Elsayed**

_____

_____

PLAINTIFF

VS.

**Laketa Pennington**

**Bulkmatic Transport Company**

National Union Fire Insurance Company of Pittsburgh, PA

DEFENDANT

CIVIL ACTION
NUMBER:_____

17 C 03162-4

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

### Daniel F. Castro, Esq.
### 5 Concourse Parkway, Suite 2225
### Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____17th_____ day of ___May_____, 20_17_.

Richard T. Alexander, Jr.,
Clerk of State Court

By _Kelsea Martin_____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

00004
FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2017 MAY 17 PM 2:19

RICHARD ALEXANDER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **MAHER ELSAYED**<br>Plaintiff | CIVIL ACTION FILE NO. |
| v. | |
| **LAKETA PENNINGTON, BULKMATIC TRANSPORT COMPANY**, and **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**,<br>Defendants. | 17 C 03162-4 |

## COMPLAINT FOR DAMAGES AND
## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Maher Elsayed and files this Complaint for Damages and Demand for Jury Trial against Defendant Laketa Pennington, Defendant Bulkmatic Transport Company, and Defendant National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "Defendants") showing the Court the following:

### PARTIES, VENUE, JURISDICTION, AND SERVICE OF PROCESS

1. Plaintiff Maher Elsayed, (hereinafter "Plaintiff") is, and was at all relevant times to this Complaint, a citizen and resident of the State of Georgia, residing in Cobb County, Georgia. By bringing this action, he avails himself to the venue and jurisdiction of this Court.

2. Upon information and belief, Defendant Laketa Pennington (hereinafter "Defendant Pennington") was, at the time of the events giving rise to this action, a citizen and resident of the State of Alabama, residing at 51244 Highway 74, Sulligent, Alabama 35586 located in Lamar County.

3. Pursuant to O.C.G.A. § 40-12-2, The Georgia Secretary of State is appointed as agent for service of process for Defendant Pennington.

4. Venue and Jurisdiction are proper over Defendant Pennington in this Court pursuant to Ga. Const., Art. VI, § II, ¶ VI and O.C.G.A. § 40-12-2 because she is a non-resident motorist who availed herself of the laws and protections of the State of Georgia by operating a motor vehicle in Fulton County. Defendant Pennington committed acts and omissions in

D:\PrintImageBundler\Temp\701669\Originals\2017145DD004155.pdf

this State and in Fulton County as more fully set forth below.

5. Upon information and belief, Defendant Bulkmatic Transport Company (hereinafter "Defendant Bulkmatic") was, at the time of the events giving rise to this action, a foreign, for-profit company citizen registered to transact business in the State of Georgia.

6. Defendant Bulkmatic can be served through its Georgia resident registered agent C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046-4805 in Gwinnett County.

7. Jurisdiction is proper over Defendant Bulkmatic in this Court because it is a citizen of this State.

8. Venue is proper as to Defendant Bulkmatic under the Ga. Const., Art. VI, § II, ¶ VI and other applicable law because it maintains a registered agent in Gwinnett County. Defendant Bulkmatic committed acts and omissions in this State as more fully set forth below.

9. At all relevant times, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant National Union") was the liability insurance carrier for Defendant Bulkmatic, having issued a liability insurance policy in compliance with O.C.G.A. § 40-1-117.

10. Upon information and belief, Defendant National Union was at the time of the events giving rise to this action, a foreign for profit company authorized and registered to transact business in Georgia.

11. Defendant National Union can be served through its Georgia resident registered agent Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, Georgia, 30092 located in Gwinnett County.

12. Defendant National Union is subject to the jurisdiction of this court and is a proper party defendant pursuant to O.C.G.A. § 40-1-117.

## OPERATIVE FACTS RELEVANT TO ALL COUNTS

13. On June 9, 2015, Plaintiff was driving a 2011 Lincoln Navigator and was traveling west on Howell Mill Road in Fulton County.

14. At that same time, Defendant Pennington was driving a 2005 International Tractor Truck owned by Defendant Bulkmatic and was traveling west on Howell Mill Road in Fulton County.

15. Defendant Pennington so carelessly, negligently, and recklessly failed to stop directly behind Plaintiff and collided with the rear of Plaintiff's vehicle causing bodily injury to Plaintiff.

16. As a result of the events stated in paragraphs 13 through 15 of Plaintiff's Complaint, Defendant received a citation from the City of Atlanta Police Department for Following Too Closely.

PLAINTIFF'S COMPLAINT                                                                Page 2 of 5

17. Plaintiff did not cause the collision referenced in paragraphs 13 through 15 of Plaintiff's Complaint, which forms the basis of this action.

18. There is no bona fide controversy as it regards the cause of the collision referenced in paragraphs 13 through 15 of Plaintiff's Complaint, which forms the basis of this action.

## COUNT ONE: NEGLIGENCE OF LAKETA PENNINGTON

19. At all relevant times, Defendant Pennington owed certain duties to Plaintiff and, notwithstanding those duties, Defendant Pennington violated those duties. In particular, Defendant Pennington violated the following duties:

   a. Failure to maintain a proper lookout;

   b. Failure to keep her vehicle under control at all times, in violation of O.C.G.A. § 40-6-390;

   c. Failure to drive at a speed that is reasonable and prudent under the conditions in violation of O.C.G.A. § 40-6-180;

   d. Failure to exercise due care in operating a motor vehicle in violation of O.C.G.A. § 40-6-241;

   e. Driving in reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390;

   f. Operating a vehicle while using a wireless telecommunications device in violation of § 40-6-241.2;

   g. Failure to keep a safe distance from the vehicle directly in front of her and failure to have due regard for the speed of such vehicle and the traffic upon and the condition of the road in violation of O.C.G.A. § 40-6-49.

20. The violation of O.C.G.A. § 40-6-49 constitutes negligence per se and was a proximate cause of the collision forming the basis of this action.

21. Defendant Pennington's breach of the certain duties owed to Plaintiff, as enumerated in paragraph 19, was the direct and proximate cause of Plaintiff's personal injuries.

## COUNT TWO: IMPUTED LIABILITY/RESPONDEAT SUPERIOR

22. Defendant Bulkmatic was at all times relevant to this Complaint, in part or parcel in the business of transporting goods.

23. Defendant Bulkmatic was the employer of Defendant Pennington.

24. Defendant Pennington was operating the 2005 International Tractor Truck within the scope of his employment with Defendant Bulkmatic.

D:\PrintImageBundler\Temp\701669\Originals\2017145DD004155.pdf

25. Defendant Pennington was operating the 2005 International Tractor Truck on behalf of Defendant Bulkmatic and in furtherance of the business of Defendant Bulkmatic.

26. Defendant Bulkmatic is responsible for the actions of Defendant Pennington in regards to the collision described in this Complaint under the doctrine of *respondeat superior*, agency, or apparent agency.

### COUNT THREE: NEGLIGENT HIRING, TRAINING, RETENTION, ENTRUSTMENT, & SUPERVISION

27. Defendant Bulkmatic was negligent in hiring Defendant Pennington and entrusting him to drive the 2005 International Tractor Truck.

28. Defendant Bulkmatic was negligent in failing to properly train Defendant Pennington.

29. Defendant Bulkmatic was negligent in retaining Defendant Pennington.

30. Defendant Bulkmatic was negligent in failing to properly supervise Defendant Pennington.

31. Defendant Bulkmatic's negligence in hiring Defendant Pennington, entrusting him with driving the 2005 International Tractor Truck, and failing to train and supervise him properly was the sole and proximate cause of the collision and Plaintiff's resulting personal injuries.

### COUNT FOUR: ATTORNEY'S FEES

32. Pursuant to O.C.G.A. §13-6-11, Plaintiff is entitled to recover his expenses of litigation, including attorney's fees and costs of litigation because Defendant Pennington and Defendant Bulkmatic have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

### COUNT FIVE: DAMAGES

33. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34. As a direct and proximate cause of Defendants' acts and omissions, Plaintiff suffered bodily injury requiring medical attention and incurred medical bills in excess of $168,000.00.

35. As a direct and proximate cause of Defendants' acts and omissions, Plaintiff requires future medical attention and will incur future medical in an amount to be proven at trial.

36. As a direct and proximate cause of Defendants' acts and omissions, Plaintiff incurred a loss of wages and loss of earning capacity in excess of $27,000.00.

37. As a direct and proximate cause of Defendants' acts and omissions, Plaintiff sustained pain, suffering, and mental anguish to be proven at trial.

38. To date, as a direct and proximate cause of Defendants' acts and omissions, Plaintiff suffered bodily injury requiring medical attention and incurred medical bills in excess of

$168,000.00, and will continue to incur future medical expenses, lost wages, and loss of earning capacity in an amount to be proven at trial.

39. By reason of the foregoing, Plaintiff is entitled to recover special and general damages from Defendants in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That summons be issued requiring Defendants appear as provided by law to Answer this Complaint;

b. That Plaintiff have a jury trial on all issues;

c. That Plaintiff recover from Defendants the full value of past and future medical expenses and past and future lost wages endured by him since the time of Defendants' tortious acts and omissions in an amount to be proven at trial;

d. That Plaintiff recover from Defendants damages for all components of the mental and physical pain and suffering endured by him since the time of Defendants' tortious acts and omissions in an amount to be determined by the enlightened conscience of the jury;

e. That all costs be cast against Defendants; and

f. For such other and further relief as this Court shall deem just and appropriate.

This _17_ day of May 2017.

CASTRO LAW, P.C.

Daniel F. Castro
(Georgia Bar No. 116157)
Fabian G. Rincon
(Georgia Bar No. 240956)
Attorneys for Plaintiff

5 Concourse Parkway, Suite 2225
Atlanta, Georgia 30328
(770) 222-4336

# AFFIDAVIT OF PROCESS SERVER

## STATE COURT OF GWINNETT COUNTY, GEORGIA

Plaintiff
**MAHER ELSAYED**

vs.                                                                                                    **Case No: 17 C 03162-4**

Defendants
**LAKETA PENNINGTON, et al.**

I _Stephanie Moffitt_ being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to otherwise interested in this matter.

Date/Time Received: 5/25/2017

Document(s): Summons and Complaint For Damages

Serve To: LAKETA PENNINGTON aka LAKETTA SANDLIN

Address: 132 PRINSTON ST, SALTILLO, MS 38866

Date Served: _6-6-17_ Time Served: _7:02_ AM/(PM) or  Date NON Served _____ Time _____

Person Served: _Ken Sandlin_ Title/Relationship to Defendant: _Brother_

Address where served or attempted service: _132 Prinston St, Saltillo, MS 38866_

Military Status: [X] N/A  [ ] Not in Military  [ ] Active Duty Military

After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county, MS. I served the documents listed above on the ____ day of _____, _____, at the usual place of abode of said person by leaving a true copy of the documents listed above with _____ , who is the _____ (insert family relationship), a member of the family who is above the age of sixteen years old who was willing to receive service. And thereafter on the ____ day of _____, _____, copies of the documents listed above were mailed (by first class postage prepaid) to the person served at his/her place of abode where copies were left.

## AFFIDAVIT OF SERVICE For 17C03162-4

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 7th
day of June, 2d7by the affiant who
is personally known to me.

NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Perma Investigations**
**2020 Hembree Grove Drive**
**Roswell, GA 30076**
**(770) 664-8005**

Our Job Serial Number: 2017002068
Ref: Elsayed

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2e

# AFFIDAVIT OF SERVICE

State of Georgia                    County of Gwinnett                    State Court

Case Number: 17C03162-4

Plaintiff:
**Maher Elsayed**

vs.

Defendant:
**Laketa Pennington, et al.**

For:
Daniel Castro
Castro Law Firm
5 Concourse Parkway
Suite 2225
Atlanta, GA 30328

Received by Perma Investigations on the 24th day of May, 2017 at 11:43 am to be served on **Bulkmatic Transport Company c/o CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **25th day of May, 2017** at 9:28 **am, I:**

served **Bulkmatic Transport Company c/o CT Corporation System** by delivering a true copy of the **Summons, Complaint for Damages and Demand for Jury Trial** to: CT Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Process Specialist** at the address of: **289 S. Culver Street, Lawrenceville, GA 30046** .

**Additional Information pertaining to this Service:**
5/25/2017  9:28 am  Perfected service at 289 S. Culver Street, Lawrenceville, GA 30046, on Linda Banks, Process Specialist.

White, Female
Age 65
5'2" 140 lbs
Salt and Pepper hair
No glasses

## AFFIDAVIT OF SERVICE For 17C03162-4

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Christopher Todd Horton
Perma

Subscribed and Sworn to before me on the 25th day of May, 2017 by the affiant who is personally known to me.

**Perma Investigations**
**2020 Hembree Grove Drive**
**Roswell, GA 30076**
**(770) 664-8005**

NOTARY PUBLIC

Our Job Serial Number: ANC-2017002069
Ref: Elsayed

CASSANDRA LEARY
MY COMMISSION EXPIRES
NOTARY
PUBLIC
APRIL 21, 2020
COBB COUNTY, GEORGIA

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2e

# AFFIDAVIT OF SERVICE

State of Georgia                    County of Gwinnett                    State Court

Case Number: 17C03162-4

Plaintiff:
**Maher Elsayed**

vs.

Defendant:
**Laketa Pennington, et al.**

For:
Daniel Castro
Castro Law Firm
5 Concourse Parkway
Suite 2225
Atlanta, GA 30328

Received by Perma Investigations on the 24th day of May, 2017 at 11:43 am to be served on **National Union Fire Insurance Company of Pittsburgh, PA c/o Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **25th day of May, 2017** at **10:50 am,** I:

served **National Union Fire Insurance Company of Pittsburgh, PA c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint for Damages and Demand for Jury Trial** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **CSC Coordinator** at the address of: **40 Technology Parkway South, #300, Norcross, GA 30092** .

**Additional Information pertaining to this Service:**
5/25/2017  10:50 am  Perfected service at 40 Technology Parkway South, #300, Norcross, GA 30092, by serving Alisha Smith, CSC Coordinator,

Black Female
Black Hair
5'8" 150 lbs
Age 30
No glasses

## AFFIDAVIT OF SERVICE For 17C03162-4

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 25th day
of May, 2017 by the affiant who is personally known
to me.

NOTARY PUBLIC

Christopher Todd Horton
Perma

**Perma Investigations**
**2020 Hembree Grove Drive**
**Roswell, GA 30076**
**(770) 664-8005**

Our Job Serial Number: ANC-2017002070
Ref: Elsayed

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2e

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

FILED IN OFFICE
CLERK

2017 JUN 23  AM 10: 42

RICHARD ALEXANDER. CLERK

MAHER ELSAYED,                          )
          Plaintiff,                      )
                        )
v.                                      )   CIVIL ACTION FILE
                        )   NO. 17C03162-4
LAKETA PENNINGTON, BULKMATIC            )
TRANSPORT COMPANY, and                  )
NATIONAL UNION FIRE INSURANCE           )
COMPANY OF PITTSBURGH, PA,              )
                        )
          Defendants.                     )

### DEFENDANT LAKETA PENNINGTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Laketa Pennington (hereinafter "Defendant" or "Pennington"), Defendant in the above-captioned civil action, and without waiving any defenses as to jurisdiction or venue, hereby files her Answer and Affirmative Defenses to Plaintiff's Complaint for Damages (hereinafter "Plaintiff's Complaint"), stating as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

If this Defendant was negligent, which this Defendant denies, the negligence of Plaintiff equaled or exceeded that of this Defendant.

### THIRD DEFENSE

To the extent that may be shown by the evidence, this Defendant avers that Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any acts or failure to act of this Defendant; however, this Defendant denies that any act or failure to act on this Defendant's part caused or contributed in any way whatsoever to the damages complained of in Plaintiff's Complaint.

4818-9904-0586.1

## FOURTH DEFENSE

This Defendant asserts, to the extent applicable, each affirmative defense set out in O.C.G.A.§§ 9-11-8 and 9-11-12(b).

## FIFTH DEFENSE

This Defendant sets forth the defense of sudden emergency.

## SIXTH DEFENSE

The Complaint should be dismissed because the doctrine of laches.

## SEVENTH DEFENSE

Plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

This Defendant shows that in the matter in question, Plaintiff's damages, if any, were caused by the acts and failure to act of persons and entities other than this Defendant and was outside the control of this Defendant.

## NINTH DEFENSE

Plaintiff had the last clear chance to avoid the collision.

## TENTH DEFENSE

The failure to specifically state items of special damages sought in this action bars Plaintiff's recovery in this action as set forth in O.C.G.A. § 9-11-9(g).

## ELEVENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the person of this Defendant.

## TWELFTH DEFENSE

This Defendant is not liable to Plaintiff because this Defendant breached no duty owed to Plaintiff in regard to the occurrence, giving rise to this Complaint.

## THIRTEENTH DEFENSE

This Defendant reserves the right to amend this Answer with additional defenses that may be developed through the course of discovery.

## FOURTEENTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

## FIFTEENTH DEFENSE

At all times relevant hereto, Defendant acted reasonably and expressly denies any negligence or any other wrongdoing with respect to its actions in this case.

## SIXTEENTH DEFENSE

Plaintiff's recovery is barred by the doctrines of comparative negligence and contributory negligence.

## SEVENTEENTH DEFENSE

Defendant is not jointly and severally liable pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33.

## EIGHTEENTH DEFENSE

Defendant asserts the defenses of accord and satisfaction, estoppel, payment, release, and waiver.

## NINETEENTH DEFENSE

Plaintiff's recovery is barred by the doctrine of assumption of the risk.

## TWENTIETH DEFENSE

O.C.G.A. § 40-2-140 is unconstitutional under the United States Constitution and the Georgia Constitution.

## TWENTY FIRST DEFENSE

Defendant responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, VENUE, JURISDICTION,, AND SERVICE OF PROCESS

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

2.

Defendant is a citizen and resident of the State of Alabama. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

OPERATIVE FACTS RELEVANT TO ALL COUNTS

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## COUNT ONE:  NEGLIGENCE OF LAKETA PENNINGTON

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint, including, but not limited to, all subparagraphs.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.·

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT TWO:  IMPUTED LIABILITY/RESPONDEAT SUPERIOR

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

## COUNT THREE:  NEGLIGENT HIRING, TRAINING, RETENTION, ENTRUSTMENT, & SUPERVISION

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

<u>COUNT FOUR:  ATTORNEY'S FEES</u>

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

<u>COUNT FIVE:  DAMAGES</u>

33.

Defendant incorporates herein by reference her responses to the allegations contained in Paragraphs 1 through 32 of Plaintiff's Complaint, which are set forth in Paragraphs 1 through 32 above, as if fully stated herein.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

**<u>TWENTY SECOND DEFENSE</u>**

To the extent Plaintiff's prayer for relief requires a response, Defendant denies any allegations contained therein, including any and all subparagraphs.

## TWENTY THIRD DEFENSE

To the extent any allegations in Plaintiff's Complaint have not been specifically answered by Defendant, they are hereby denied.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant respectfully prays for the following relief from this Honorable Court:

1. That Plaintiff's claims be denied and Plaintiff's Complaint for Damages be dismissed with prejudice;

2. That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3. That the case be tried before a jury of twelve (12) persons; and

4. For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 23rd day of June, 2017.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

R. SCOTT MASTERSON
Georgia Bar No. 476356
J. MARSHALL "BUZZ" WEHUNT
Georgia Bar No. 318053

*Counsel for Defendant Laketa Pennington*

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
Telephone: 404.348.8585
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com
buzz.wehunt@lewisbrisbois.com

4818-9904-0586.1

10

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LAKETA PENNINGTON** has this day been filed with the Clerk of Court and a true and correct copy served upon all counsel of record by placing a copy in the U.S. Mail, postage affixed, addressed as follows:

Daniel F. Castro, Esq.
Fabian G. Rincon, Esq.
CASTRO LAW, P.C.
5 Concourse Parkway, Suite 2225
Atlanta, Georgia 30328

*Counsel for Plaintiff*

This this ___23rd___ day of June, 2017.

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
Telephone: 404.348.8585
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com
buzz.wehunt@lewisbrisbois.com

**LEWIS BRISBOIS BISGAARD
& SMITH, LLP**


R. SCOTT MASTERSON
Georgia Bar No. 476356
J. MARSHALL "BUZZ" WEHUNT
Georgia Bar No. 318053

*Counsel for Defendant Laketa Pennington*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

MAHER ELSAYED,                              )
                                           )
     Plaintiff,                          )
                                           )
v.                                          )          CIVIL ACTION FILE
                                           )          NO. 17C03162-4
LAKETA PENNINGTON, BULKMATIC               )
TRANSPORT COMPANY, and                      )
NATIONAL UNION FIRE INSURANCE              )
COMPANY OF PITTSBURGH, PA,                  )
                                           )
     Defendants.                         )

## DEFENDANT BULKMATIC TRANSPORT COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Bulkmatic Transport Company (hereinafter "Defendant" or "Bulkmatic"), Defendant in the above-captioned civil action, and without waiving any defenses as to jurisdiction or venue, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages (hereinafter "Plaintiff's Complaint"), stating as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

If this Defendant was negligent, which this Defendant denies, the negligence of Plaintiff equaled or exceeded that of this Defendant.

### THIRD DEFENSE

To the extent that may be shown by the evidence, this Defendant avers that Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any acts or failure to act of this Defendant; however, this Defendant denies that any act or failure to act on this Defendant's part caused or contributed in any way whatsoever to the damages complained of in Plaintiff's Complaint.

4838-2075-5274.1

## FOURTH DEFENSE

This Defendant asserts, to the extent applicable, each affirmative defense set out in O.C.G.A.§§ 9-11-8 and 9-11-12(b).

## FIFTH DEFENSE

This Defendant sets forth the defense of sudden emergency.

## SIXTH DEFENSE

The Complaint should be dismissed because the doctrine of laches.

## SEVENTH DEFENSE

Plaintiff failed to mitigate its damages.

## EIGHTH DEFENSE

This Defendant shows that in the matter in question, Plaintiff's damages, if any, were caused by the acts and failure to act of persons and entities other than this Defendant and was outside the control of this Defendant.

## NINTH DEFENSE

Plaintiff had the last clear chance to avoid the collision.

## TENTH DEFENSE

The failure to specifically state items of special damages sought in this action bars Plaintiff's recovery in this action as set forth in O.C.G.A. § 9-11-9(g).

## ELEVENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the person of this Defendant.

## TWELFTH DEFENSE

This Defendant is not liable to Plaintiff because this Defendant breached no duty owed to Plaintiff in regard to the occurrence, giving rise to this Complaint.

## THIRTEENTH DEFENSE

This Defendant reserves the right to amend this Answer with additional defenses that may be developed through the course of discovery.

## FOURTEENTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

## FIFTEENTH DEFENSE

At all times relevant hereto, Defendant acted reasonably and expressly denies any negligence or any other wrongdoing with respect to its actions in this case.

## SIXTEENTH DEFENSE

Plaintiff's recovery is barred by the doctrines of comparative negligence and contributory negligence.

## SEVENTEENTH DEFENSE

Defendant is not jointly and severally liable pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33.

## EIGHTEENTH DEFENSE

Defendant asserts the defenses of accord and satisfaction, estoppel, payment, release, and waiver.

## NINETEENTH DEFENSE

Plaintiff's recovery is barred by the doctrine of assumption of the risk.

## **TWENTIETH DEFENSE**

O.C.G.A. § 40-2-140 is unconstitutional under the United States Constitution and the Georgia Constitution.

## **TWENTY FIRST DEFENSE**

Defendant responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

### PARTIES, VENUE, JURISDICTION,, AND SERVICE OF PROCESS

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

2.

Upon information and belief, Defendant Laketa Pennington is a citizen and resident of Alabama, residing at 51244 Highway 74, Sulligent, Alabama 35586. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

5.

Defendant admits it is an Illinois corporation, with its principal place of business at 2001 N. Cline Avenue, Griffith, Indiana 46319. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

## OPERATIVE FACTS RELEVANT TO ALL COUNTS

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## COUNT ONE:  NEGLIGENCE OF LAKETA PENNINGTON

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT TWO:  IMPUTED LIABILITY/RESPONDEAT SUPERIOR

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

## COUNT THREE:  NEGLIGENT HIRING, TRAINING, RETENTION, ENTRUSTMENT, & SUPERVISION

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

COUNT FOUR:  ATTORNEY'S FEES

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

COUNT FIVE:  DAMAGES

33.

Defendant incorporates herein by reference her responses to the allegations contained in Paragraphs 1 through 32 of Plaintiff's Complaint, which are set forth in Paragraphs 1 through 32 above, as if fully stated herein.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## TWENTY SECOND DEFENSE

To the extent Plaintiff's prayer for relief requires a response, Defendant denies any allegations contained therein, including any and all subparagraphs.

## TWENTY THIRD DEFENSE

To the extent any allegations in Plaintiff's Complaint have not been specifically answered by Defendant, they are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully prays for the following relief from this Honorable Court:

1.   That Plaintiff's claims be denied and Plaintiff's Complaint for Damages be dismissed with prejudice;

2.   That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3.   That the case be tried before a jury of twelve (12) persons; and

4.   For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 23rd day of June, 2017.

LEWIS BRISBOIS BISGAARD
& SMITH, LLP

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
Telephone: 404.348.8585
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com
buzz.wehunt@lewisbrisbois.com

R. SCOTT MASTERSON
Georgia Bar No. 476356
J. MARSHALL "BUZZ" WEHUNT
Georgia Bar No. 318053

*Counsel for Defendant Bulkmatic Transport Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF**

**DEFENDANT BULKMATIC TRANSPORT COMPANY** has this day been filed with the Clerk

of Court and a true and correct copy served upon all counsel of record by placing a copy in the U.S.

Mail, postage affixed, addressed as follows:

Daniel F. Castro, Esq.
Fabian G. Rincon, Esq.
CASTRO LAW, P.C.
5 Concourse Parkway, Suite 2225
Atlanta, Georgia 30328

*Counsel for Plaintiff*

This this ____ day of June, 2017.

LEWIS BRISBOIS BISGAARD
& SMITH, LLP

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
Telephone: 404.348.8585
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com
buzz.wehunt@lewisbrisbois.com

R. SCOTT MASTERSON
Georgia Bar No. 476356
J. MARSHALL "BUZZ" WEHUNT
Georgia Bar No. 318053

*Counsel for Defendant Bulkmatic Transport Company*

4838-2075-5274.1

11

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

FILED IN OFFICE
CLERK ST
GWINNETT
2017 JUN 23  AM 10: 43
RICHARD ALEXANDER. CLERK

MAHER ELSAYED,              )
                                    )
    Plaintiff,              )
                                      )
v.                         )    CIVIL ACTION FILE
                                      )    NO. 17C03162-4
LAKETA PENNINGTON, BULKMATIC  )
TRANSPORT COMPANY, and     )
NATIONAL UNION FIRE INSURANCE  )
COMPANY OF PITTSBURGH, PA,  )
                                      )
    Defendants.             )

### DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "Defendant" or "National Union"), Defendant in the above-captioned civil action, and without waiving any defenses as to jurisdiction or venue, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages (hereinafter "Plaintiff's Complaint"), stating as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

If this Defendant was negligent, which this Defendant denies, the negligence of Plaintiff equaled or exceeded that of this Defendant.

### THIRD DEFENSE

To the extent that may be shown by the evidence, this Defendant avers that Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any acts or failure to act of this

Defendant; however, this Defendant denies that any act or failure to act on this Defendant's part caused or contributed in any way whatsoever to the damages complained of in Plaintiff's Complaint.

## FOURTH DEFENSE

This Defendant asserts, to the extent applicable, each affirmative defense set out in O.C.G.A.§§ 9-11-8 and 9-11-12(b).

## FIFTH DEFENSE

This Defendant sets forth the defense of sudden emergency.

## SIXTH DEFENSE

The Complaint should be dismissed because the doctrine of laches.

## SEVENTH DEFENSE

Plaintiff failed to mitigate its damages.

## EIGHTH DEFENSE

This Defendant shows that in the matter in question, Plaintiff's damages, if any, were caused by the acts and failure to act of persons and entities other than this Defendant and was outside the control of this Defendant.

## NINTH DEFENSE

Plaintiff had the last clear chance to avoid the collision.

## TENTH DEFENSE

The failure to specifically state items of special damages sought in this action bars Plaintiff's recovery in this action as set forth in O.C.G.A. § 9-11-9(g).

## ELEVENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the person of this Defendant.

## TWELFTH DEFENSE

This Defendant is not liable to Plaintiff because this Defendant breached no duty owed to Plaintiff in regard to the occurrence, giving rise to this Complaint.

## THIRTEENTH DEFENSE

This Defendant reserves the right to amend this Answer with additional defenses that may be developed through the course of discovery.

## FOURTEENTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

## FIFTEENTH DEFENSE

At all times relevant hereto, Defendant acted reasonably and expressly denies any negligence or any other wrongdoing with respect to its actions in this case.

## SIXTEENTH DEFENSE

Plaintiff's recovery is barred by the doctrines of comparative negligence and contributory negligence.

## SEVENTEENTH DEFENSE

Defendant is not jointly and severally liable pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33.

## EIGHTEENTH DEFENSE

Defendant asserts the defenses of accord and satisfaction, estoppel, payment, release, and waiver.

## NINETEENTH DEFENSE

Plaintiff's recovery is barred by the doctrine of assumption of the risk.

**TWENTIETH DEFENSE**

O.C.G.A. § 40-2-140 is unconstitutional under the United States Constitution and the Georgia Constitution.

**TWENTY FIRST DEFENSE**

Defendant responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

PARTIES, VENUE, JURISDICTION,, AND SERVICE OF PROCESS

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

2.

Upon information and belief, Defendant Laketa Pennington is a citizen and resident of Alabama, residing at 51244 Highway 74, Sulligent, Alabama 35586. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

10.

Defendant admits it is a Pennsylvania corporation.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

<u>OPERATIVE FACTS RELEVANT TO ALL COUNTS</u>

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint as stated; accordingly, these allegations are denied.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## COUNT ONE:  NEGLIGENCE OF LAKETA PENNINGTON

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT TWO:  IMPUTED LIABILITY/RESPONDEAT SUPERIOR

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint as stated and notes same calls for a legal conclusion(s), which is improper; accordingly, these allegations are denied.

## COUNT THREE:  NEGLIGENT HIRING, TRAINING, RETENTION, ENTRUSTMENT, & SUPERVISION

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

COUNT FOUR:  ATTORNEY'S FEES

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

COUNT FIVE:  DAMAGES

33.

Defendant incorporates herein by reference her responses to the allegations contained in Paragraphs 1 through 32 of Plaintiff's Complaint, which are set forth in Paragraphs 1 through 32 above, as if fully stated herein.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## TWENTY SECOND DEFENSE

To the extent Plaintiff's prayer for relief requires a response, Defendant denies any allegations contained therein, including any and all subparagraphs.

## TWENTY THIRD DEFENSE

To the extent any allegations in Plaintiff's Complaint have not been specifically answered by Defendant, they are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully prays for the following relief from this Honorable Court:

1.  That Plaintiff's claims be denied and Plaintiff's Complaint for Damages be dismissed with prejudice;

2.  That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3.  That the case be tried before a jury of twelve (12) persons; and

4.  For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 23rd day of June, 2017.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
Telephone: 404.348.8585
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com
buzz.wehunt@lewisbrisbois.com

R. SCOTT MASTERSON
Georgia Bar No. 476356
J. MARSHALL "BUZZ" WEHUNT
Georgia Bar No. 318053

*Counsel for Defendant National Union Fire Insurance Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** has this day been filed with the Clerk of Court and a true and correct copy served upon all counsel of record by placing a copy in the U.S. Mail, postage affixed, addressed as follows:

Daniel F. Castro, Esq.
Fabian G. Rincon, Esq.
CASTRO LAW, P.C.
5 Concourse Parkway, Suite 2225
Atlanta, Georgia 30328

*Counsel for Plaintiff*

This this _23rd_ day of June, 2017.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
Telephone: 404.348.8585
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com
buzz.wehunt@lewisbrisbois.com

R. SCOTT MASTERSON
Georgia Bar No. 476356
J. MARSHALL "BUZZ" WEHUNT
Georgia Bar No. 318053

*Counsel for Defendant National Union Fire Insurance Company of Pittsburgh, PA*

4812-0829-3962.1

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA
DIVISION 4

STANDING ORDER IN ALL CIVIL CASES
INSTRUCTIONS TO PARTIES AND COUNSEL

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2017 MAY 17  PH 2: 19

RICHARD ALEXANDER. CLERK

This order shall apply to all civil cases assigned to Judge Joseph C. Iannazzone. The

purpose of this Order is to inform the parties and their counsel of the Court's policies, practice

and procedure. It is issued to promote the just and efficient determination of the case. This

Order, in combination with this Court's Local Rules and the Georgia Civil Practice Act shall

govern this case.

CASE ADMINISTRATION

17 C 03162-4

1. Contacting Chambers

Tammy Banks, our Civil Case Manager, is your principal point of contact on matters

relating to this case. Where possible, communication with Ms. Banks should be by telephone

(770-822-8547) or by-email (tammy.banks@gwinnettcounty.com). Documents sent by mail,

courier, and hand delivery should be addressed as follows:

Ms. Tammy Banks
Civil Case Manager – Division 4
State Court of Gwinnett County
75 Langley Drive
Lawrenceville, GA 30046

Any documents required to be filed in this case should be addressed and delivered to the Clerk

of State Court rather than Ms. Banks.

The Court's staff attorney is Debra Siegel. She can be reached by telephone (770-822-

8549) or e-mail (debra.siegel@gwinnettcounty.com). Neither the parties nor their counsel should

discuss the merits of the case with Ms. Banks or Ms. Siegel.

1

2. Courtesy Copies

Parties are not required to forward courtesy copies of motions and other filings directly to chambers. However, in large cases, electronically transmitted courtesy copies of substantive motions are appreciated.

CASE MANAGEMENT

1. Extension of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolution. The Court seeks to set reasonable but firm deadlines. Motions for extensions, whether opposed, unopposed or by consent, will be granted only upon a showing of good cause.

2. Conferences

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.

3. Candor in Responsive Pleadings

In accordance with O.C.G.A. § 9-11-8 (b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading. A party may not deny, in his or her responsive pleading, an averment in his or her opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

4. Discovery Responses - Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not carelessly invoke rote objections, i.e., attorney-client privilege, work product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unless the responding party has a valid basis for these

objections. Moreover, general objections are disfavored, i.e., a party should avoid including in his or her response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request should be met with every specific objection thereto - but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections may be disregarded by the Court. Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete. For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objections. Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

5. Conduct During Depositions

(a) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections, except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32 (d) (3) (8) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30 (d), shall be preserved. Therefore, those objections need not be

made during the course of depositions. If counsel defending a deposition feels compelled to make objections during depositions, he or she should limit the objections to only "objection to form." Defending counsel should only elaborate on his or her objection upon the request of deposing counsel. Defending counsel should avoid speaking objections except in extraordinary circumstances.

(c) Counsel shall not instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

(d) Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more.

(e) Counsel and their witness-clients shall not engage in private off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(f) Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

(g) Depositions are limited to no more than seven hours of time on the record, exclusive of breaks.

## 6. Serving Discovery Prior to Expiration of the Discovery Period

All discovery requests must be served early enough so that the responses are due on or before the last day of the discovery period.

## 7. Extensions of the Discovery Period

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where good cause is shown.

## 8. Motions to Compel Discovery and Objections to Discovery

Prior to filing a motion to compel discovery, the movant, after conferring with the respondent in a good faith effort to resolve the dispute by agreement, should contact the Court's staff attorney and notify her that the movant seeks relief with respect to a discovery matter. Ordinarily, the Court's staff attorney will then schedule a conference call or meeting in which the Court will attempt to resolve the matter without the necessity of a formal motion. This process shall not apply to post-judgment discovery.

## 9. Motions for Summary Judgment

All Motions for Summary Judgment should be filed within 30 days of the close of discovery.

## 10. Pretrial Orders

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified.

The defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits intended to be introduced at trial shall be specifically identified. In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, except to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All such identified exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

## 11. Pretrial Conference and Motions in Limine

Normally, the Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried and to assist in settlement negotiations where appropriate. The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial. Motions in Limine shall be filed before or at the pretrial conference. They will be argued and ruled upon no later than the first day of trial. Motions in Limine filed the day of trial will be reserved.

## 12. Trial

Requests to charge and proposed verdict forms are required to be submitted to the Court, via email to Ms. Siegel, in Word or WordPerfect format, one (1) business day before the first day of trial. The original request to charge shall be filed with the Clerk of Court. The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts and witness credibility. The Court encourages the parties to refer to the Suggested Pattern Jury

Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

13. Technology

Most of our courtrooms are equipped with electronic equipment for use by counsel at trial. For more information about the equipment, please contact the Court's Civil Case Manager. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cords necessary to hook up to the equipment and for insuring that the parties' equipment interfaces with the Court's technology.

SO ORDERED, this 29th day of September ,2016.

Joseph C. Iannazzone, Judge
State Court of Gwinnett County

7