# IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MAHER ELSAYED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-CV-02366-SCJ |
| LAKETA PENNINGTON, | ) | |
| BULKMATIC TRANSPORT | ) | |
| COMPANY, and NATIONAL | ) | |
| UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT BULKMATIC TRANSPORT COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

## GENERAL OBJECTIONS

Plaintiff objects to each of Defendant Bulkmatic Transport Company's First Interrogatories and Request for Production of Documents to the extent that Defendant seeks information protected by the attorney/client privilege or the work product doctrine.

As investigation and discovery are continuing, Plaintiff reserves his right to supplement these responses. Without waiving the above objections, Plaintiff responds as follows:

## INTERROGATORIES

### 1.

Please state **your** date of birth, marital status and full name of any legal spouse (not officially divorced therefrom), Social Security number; educational background, including all schools, institutions, trade or professional schools attended, the dates of attendance of each, and the degrees, certificates or licenses obtained at each.

**RESPONSE:** Maher El Sayed; xxx-xx-2896; Graduated from University of Cairo with a degree in business and accounting and a masters degree from University of Eidenberg.

### 2.

Identify in detail all insurance and/or worker's compensation claims you made in the last ten (10) years; including date, description of incident, location, injuries, damages sought, settlements received and names of the other parties involved.

**RESPONSE:** None.

3.

Identify any filings for Social Security Disability you've made prior to or since the date of the subject incident; including date, description of injuries/disabilities, filing location/ branch office for Social Security Administration, name of any attorney or person who assisted in filing, treatment providers and records attached to same and all affidavits and other evidence submitted in support of said filing(s).

**RESPONSE:** No.

4.

Describe how this **occurrence** happened and any act or omission that **you** contend was a breach of duty on the part of these Defendants.

**RESPONSE:** According to the accident report, Plaintiff was travelling on Howell Mill road when a vehicle in front of him slowed to make a turn. Plaintiff slowed his vehicle in response to that vehicle slowing. Defendant Pennington failed to stop her vehicle and collided with the rear of Plaintiff's vehicle.

5.

**Identify** all **persons** who to **your** knowledge, information or belief have investigated any aspect of this **occurrence,** and **identify** each **document** concerning any part of the investigation.

**RESPONSE:** According to the accident report, Plaintiff and Defendant Pennington were eyewitnesses to the incident. Further, Officer Chapman of the Atlanta police Department came to the scene and investigated the accident and created a report based on his investigation. A copy of that report is attached to Plaintiff's responses to Defendants' First Request for production of Documents.

6.

**Identify** each **person** that, to **you** or **your** representative's knowledge, information or belief were eyewitnesses to the **occurrence** or have discoverable information relevant to this **occurrence**, including any issue of liability or damages; and indicate the subjects of the information.

**RESPONSE:** According to the accident report, Plaintiff and Defendant Pennington were eyewitnesses to the incident. Further, Officer Chapman of the Atlanta police Department came to the scene and investigated the accident and created a report based on his investigation. A copy of that report is attached to Plaintiff's responses to Defendants' First Request for production of Documents. Further, Plaintiff's medical providers may have relevant information about his injuries, the treatment he received, the cause of his injuries, and future treatment he may need.

7.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any **person** with information relevant to this lawsuit, please **identify** each **person** giving the statement, the **person** taking each statement, the date each statement was taken, and each **person** having possession, custody or control of each statement.

**RESPONSE:** Officer Chapman of the Atlanta police Department came to the scene and investigated the accident and created a report based on his investigation. A copy of that report is attached to Plaintiff's responses to Defendants' First Request for production of Documents.

8.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other **documents** illustrating any **person**, place or thing concerning this **occurrence** or relevant to this lawsuit, giving the date each was made, and **identify** the **person(s)** with possession, custody or control of each item or a copy of any item.

**RESPONSE:** See Photographs of the vehicles involved in the collision.

9.

Describe to the best of **your** ability, all injuries **you** claim to have received as a result of this **occurrence**, indicate what injuries **you** are suffering from at present, and describe fully the manner and extent of **your** current suffering and the problems and impairments **you** expect in the future.

**RESPONSE:** Plaintiff suffered from an injury to his left knee that required surgery and an injury to his lower back that required Plaintiff to undergo a lumbar annuloplasty and nucleoplasty at the L4-L5 and L5-S1 levels. A more detailed description of Plaintiff's injuries is included in Plaintiff's medical records attached Plaintiff's response to Defendant's first Request for Production of Defendant's First Request for Production of Documents.

10.

Describe fully each *prior* and *subsequent* injury, disease, or difficulty in the areas of the body that **you** claim were injured in this **occurrence** or to areas of **your** body involving **your** senses (sight, hearing, etc.), and **identify** all **practitioners and institutions of the healing arts** that have treated **you** for each such injury, disease or difficulty.

**RESPONSE:** Plaintiff had left and right knee surgery over twenty years before this accident. Plaintiff was not suffering from any disability or problems in

his knees before this accident.

11.

**Identify** all accidents or incidences in which **you** received personal or bodily injuries prior to or subsequent to this **occurrence** and describe the bodily injuries or personal injuries which **you** received in such other accident or incident, including, but not limited to, any subsequent falls or other events you may have suffered since the occurrence, no matter how slight and even if it did not lead to a claim or litigation.

**RESPONSE:** Plaintiff has not been injured in any accident in the ten years prior to this accident or any subsequent accident.

12.

Please describe fully all physical or mental impairments or disability **you** had at the time of this **occurrence**, including, but not limited to, congenital, medical, psychological, alcohol or substance induced, vision impairment or otherwise.

**RESPONSE:** None.

13.

**Identify** all **practitioners and institutions of the healing arts** that have treated or evaluated **you** as a result of this **occurrence**, give the date of **your** last

visit to each, and indicate whether each has issued a written report regarding his or

her treatment or evaluation.

**RESPONSE:**

Advanced Health Solution
13190 Hwy 92
Suite 70-90
Woodstock, Georgia 30188

American Health Imaging
2200 Century Pkwy, N.E.
Suite 600
Atlanta, Georgia 30345

Benchmark PT
8823 Production Lane
Ooltewah, TN 37363

Georgia Spine & Orthopaedics
Dr. Erik Bendiks
1350 Montreal Road E
Suite 290
Tucker, Georgia 30084

Innovative Health and Wellness LLC
295 Molly Lane
Suite 150
Woodstock, Georgia 30189

Kaiser Permanente
4000 Dekalb Technology Pkwy
Bldg 200, Suite 200
Atlanta, Georgia 30340

MRI & Imaging of Georgia/ Northside Inc.
535 North Central Avenue
Hapeville, Georgia 30354

North Fulton Anesthesia Associates, P.C.
P.O. Box 105048
Atlanta, Georgia 30348

Peachtree Orthopaedic Clinic
2001 Peachtree Road, N.E.
Suite 705
Atlanta, Georgia 30309

Peachtree Orthopaedic Surgery Center- Perimeter
5505 Peachtree Dunwoody Road
Suite 200
Atlanta, Georgia 30342

Perimeter Surgery Center
6105 Peachtree Dunwoody Road
Bldg B
Suite 110
Atlanta, Georgia 30328

Piedmont Anesthesia Associates, P.A.
1984 Peachtree Road, N.W.
Suite 1515
Atlanta, Georgia 30309

Woodpark Family Chiropractic
13190 Hwy 92
Suite 70-90
Woodstock, Georgia 30188

14.

**Identify** all **practitioners and institutions of the healing arts** that have treated **you** in the fifteen (15) years *before or after* this **occurrence** and whose treatment or evaluation **you** do not attribute to this **occurrence**.

**RESPONSE:** Imagix Dental.

15.

**Identify** each and every pharmacy, hospital, or any other place in which **you** have had medications and/or prescriptions filled for the fifteen (15) years preceding the **occurrence** through the present. Please **identify** the name of the pharmacy or place in which **your** medications and/or prescriptions were filled and the address and telephone number of said place.

**RESPONSE:** None.

16.

Please itemize all special damages **you** allege **you** have incurred (or that others have incurred on **your** behalf) as a result of this **occurrence** including medical expenses, hospital expenses, drug expenses, property damage, lost wages (past and future) and all other special damages (describing them).

**RESPONSE:**

| | |
|---|---|
| Advanced Health Solution | $3,925.00 |
| American Health Imaging | $4,815.00 |
| Benchmark PT | $26,432.00 |
| Georgia Spine & Orthopaedics<br>Dr. Erik Bendiks | $33,912.84 |
| Innovative Health and Wellness LLC | $8,085.00 |
| Kaiser Permanente | Unknown |
| MRI & Imaging of Georgia/ Northside Inc. | $1,600.00 |
| North Fulton Anesthesia Associates, P.C. | $2,200.00 |
| Peachtree Orthopaedic Clinic | $38,520.51 |
| Peachtree Orthopaedic Surgery Center- Perimeter | $35,752.00 |
| Perimeter Surgery Center | $7,847.00 |
| Piedmont Anesthesia Associates, P.A. | $1,580.00 |
| Woodpark Family Chiropractic | $1,530.00 |

17.

For each lost wage or salary claims that **you** make, please explain how **you** computed the amount of damages, **identify your** employer at the relevant time, **identify your** supervisor, and state the dates **you** were unable to work, the date

**you** returned to work, **your** rate of pay, and whether **your** employer continued to pay **your** salary during any part of the time **you** were unable to work.

**RESPONSE:** Plaintiff is not making a lost wage claim as a result of this accident at this time.

18.

For each property damage claim that **you** make, please explain how **you** computed the amount of damages, describe fully the property **you** claim to be damaged, describe each payment **you** have received for **your** property damage, and **identify** each release and other **documents** executed for **your** property damage or related payments.

**RESPONSE:** Plaintiff is not making a property damage claim in this litigation.

19.

State whether **you** have filed state and federal income tax returns for the preceding five (5) years and, if so, state where each return was filed, the Social Security or tax number on each return, and the total wages, salaries, tips, etc., on each return.

**RESPONSE:** Plaintiff is not making a lost wage claim as a result of this accident at this time. Thus, this information is not relevant to the present action.

20.

Please **identify** each expert of every type expected to testify at trial, **INCLUDING WITHOUT LIMITATION TREATING PHYSICIANS AND PRACTITIONERS OF THE HEALING ARTS**, and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. This Interrogatory applies to all expert witnesses of every kind. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in **your** answer to this Interrogatory.

**RESPONSE:** Plaintiff objects to Interrogatory No. 20 on the grounds that a party may not be compelled to identify experts who may have been consulted but who are not expected to testify at the trial. Likewise, Plaintiff is under no obligation to produce documents generated by such an individual. Furthermore, any reports or opinions held by any experts are discoverable only as prescribed by F.R.C.P. 26. Subject to and without waiving the foregoing objections, Plaintiff states that at this early stage of discovery, he has not retained an expert expected to testify at trial. At such time that Plaintiff designates an expert to be called as a witness at trial, this interrogatory response will be supplemented.

21.

Please **identify** any and all **communication(s)** that **you** have had with, or overheard, or read by these Defendants at the time of or any time following this **occurrence**.

**RESPONSE:** Plaintiff believes that Defendant Pennington spoke with the police at the scene of the accident. Other than that, Plaintiff is not aware of any other statements.

22.

Please **identify** all **documents** for any cell phone, car phone, mobile phone, pager, or radio communication device which **you** owned, had access to, or used on the date of the **occurrence**, including, but not limited to, contracts of service, billing statements, invoices, and itemized statements. This Interrogatory seeks the name, address, and billing information for any contracts of service related to the communication media described in this Interrogatory.

**RESPONSE:** Plaintiff had a cell phone with T-Mobile at the time of the accident.

23.

Have **you** been photographed or videotaped at any time since the date of the **occurrence** which is the subject of this litigation? If **your** answer is yes, please

**identify** where **you** were photographed or videotaped; **identify** the person(s) who photographed or videotaped **you**, and, identify the person(s) who currently have the photographs or videotape or any copy thereof.

**RESPONSE:** Plaintiff objects to Interrogatory No. 23 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving said objection. Yes, Plaintiff has pictures of his injuries.

24.

Please state whether you have posted any writings, messages, text, electronic mail, instant messages, pictures, etc., which in any way reference or depict the subject incident, on the websites *"Instagram"*, *"Myspace.com"* and/or *"Facebook.com"* or any other social networking website, along with any username you have used.

**RESPONSE:** No.

25.

If you have, please state when such postings were done, identify (by full name and, if possible, also by hyperlink to his or her profile) which person's "profile" such material was posted to, and for what purpose.

**RESPONSE:** N/A.

26.

Have you received payments from Medicare, a Medicare intermediary or carrier, Medicaid, any other federal or state or state governmental, agency or entity; or any other entity operating under contract with any of the previously mentioned entities/ providers during the past ten (10) years? If so, please state the amount and payee of each payment or benefit, the date each payment or benefit was made, and **identify** the **person** or entity making each payment or benefit available.

**RESPONSE:** No.

27.

Please identify each provider and state the dates of psychiatric, psychological, or mental health treatment or counseling in the past ten (10) years, as you have raised a mental pain, anguish, anxiety and depression claim(s). <u>See</u> <u>Kennestone Hosp. v. Hopson</u>, 273 Ga. 145, 148, 538 S.E.2d 742, 744 (2000).

**RESPONSE:** None.

28.

State any and all alcoholic beverages, medications and other mind-altering substances consumed by you within the forty-eight (48) hour period immediately preceding the events out of which this litigation arose; and for each substance, state the nature of the substance, the amount consumed, the location where it was consumed, and the name of each person present at the time of consumption. If the substance consumed was a prescribed medication, please state the purpose for which the medicine was taken, the name of the medicine, the length of time he had been taking it, and identify the doctor who prescribed it.

**RESPONSE:** None.

29.

State whether Plaintiff underwent any drug and/or alcohol screening or testing as a result of the incident in question in this lawsuit.

**RESPONSE:** No.

30.

Have you ever been arrested, indicted, and/or convicted of a crime other than a misdemeanor traffic offense? If yes, state fully and in detail the date, place and nature of each such arrest, indictment, and/or conviction.

**RESPONSE:** Plaintiff has not been convicted of an felony or crime of

moral turpitude.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### 1.

All photos, videotapes, diagrams, plats, and other **documents** illustrating **persons**, places, products and tangible things concerning this **occurrence**, or that are relevant to the subject matter involved in this lawsuit.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

### 2.

All **documents** concerning the investigation of this **occurrence** by government bodies (police, fire department, OSHA, unions, employers, or other organizations).

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

### 3.

All statements (written, recorded, etc.) from the Defendants and agents, representatives, employees or former employees of the Defendants concerning this **occurrence** or relevant to the subject matter involved in this lawsuit.

**RESPONSE:** Plaintiff has produced all documents responsive to this

Request.

4.

All statements (written, recorded, etc.) from other **persons** concerning this **occurrence** or relevant to the subject matter involved in this lawsuit.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

5.

All statements (including, without limitation, transcripts of testimony) from the Defendants and each agent or representative of the Defendants concerning any other **occurrence**, lawsuit, hearing or proceeding, which **you** contend are relevant to any issue in this lawsuit.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

6.

All documents concerning judicial, quasi judicial, or administrative hearings concerning this **occurrence**.

**RESPONSE:** Plaintiff has no documents responsive to this Request.

7.

A computation of each category of damages **you** claim, along with the **documents** or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

8.

All medical reports, hospital records, letters, office notes or other **documents** prepared by physicians or other **practitioners of the healing arts** or by hospitals, clinics or other institutions that have treated or evaluated **you** for injuries allegedly received in this **occurrence**.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

9.

All doctors' bills, hospital bills, drug bills and other **documents** concerning medical expenses incurred in connection with this **occurrence**.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

10.

**Your** state and federal income tax returns (including W-2, W-4 and 1099 forms) for the past five (5) years.

**RESPONSE:** Plaintiff is not making a lost wage claim at this time. Thus, these documents are not relevant to the present action.

11.

All other **documents** that evidence or concern lost wages and earnings claims made in this lawsuit.

**RESPONSE:** Plaintiff is not making a lost wage claim at this time. Thus, these documents are not relevant to the present action.

12.

All **documents** that evidence or support **your** claims for special damages made in this lawsuit.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

13.

All **documents** concerning compensation, indemnity, insurance, wage loss replacement, income replacement, disability benefits, or payments available to the **Plaintiff** from all government or private sources, and all materials, group medical

booklets, manuals, etc., concerning the cost of providing and the extent of such available benefits or payments. This request includes payments or benefits made available from Medicare, a Medicare intermediary or carrier, Medicaid, any other federal or state or state governmental, agency or entity; or any other entity operating under contract with any of the previously mentioned entities.

**RESPONSE:** Plaintiff has no documents responsive to this Request.

14.

All subrogation agreements, notices of claimed subrogation rights by others, assignments of claims to others, workers compensation liens, hospital liens, and other **documents** concerning subrogation claims related to this **occurrence**.

**RESPONSE:** Plaintiff has no documents responsive to this Request.

15.

All documents that support or concern **your** contentions that acts or omissions of the Defendant caused or contributed to this **occurrence**, or which are responsive to any of Defendant's Interrogatories.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

16.

All field notes, sketches, diagrams, letters, memos, reports, photos and other **documents** concerning this occurrence or other subject matter involved in this lawsuit that have been generated by or for experts consulted in this case.

**RESPONSE:** Plaintiff objects to Request No. 16 on the grounds that a party may not be compelled to identify experts who may have been consulted but who are not expected to testify at the trial. Likewise, Plaintiff is under no obligation to produce documents generated by such an individual. Furthermore, any reports or opinions held by any experts are discoverable only as prescribed by F.R.C.P. 26. Subject to and without waiving the foregoing objections, Plaintiff states that at this early stage of discovery, he has not retained an expert expected to testify at trial. At such time that Plaintiff designates an expert to be called as a witness at trial, this interrogatory response will be supplemented.

17.

All reports, correspondence, memos, notes, photos, trial exhibits and other **documents** embodying observations, calculations, illustrations, and opinions from accident reconstruction experts, engineers, or other experts that may testify at trial concerning this **occurrence** or other subject matter involved in this lawsuit.

**RESPONSE:** Plaintiff objects to Request No. 17 on the grounds that a party may not be compelled to identify experts who may have been consulted but who are not expected to testify at the trial. Likewise, Plaintiff is under no obligation to produce documents generated by such an individual. Furthermore, any reports or opinions held by any experts are discoverable only as prescribed by F.R.C.P. 26. Subject to and without waiving the foregoing objections, Plaintiff states that at this early stage of discovery, he has not retained an expert expected to testify at trial. At such time that Plaintiff designates an expert to be called as a witness at trial, this interrogatory response will be supplemented.

18.

All **documents** and tangible things which constitute evidence reasonably relied upon by each expert which supports **your** contentions regarding liability and damages.

**RESPONSE:** Plaintiff objects to Request No. 18 on the grounds that a party may not be compelled to identify experts who may have been consulted but who are not expected to testify at the trial. Likewise, Plaintiff is under no obligation to produce documents generated by such an individual. Furthermore, any reports or opinions held by any experts are discoverable only as prescribed by F.R.C.P. 26.

Subject to and without waiving the foregoing objections, Plaintiff states that at this early stage of discovery, he has not retained an expert expected to testify at trial. At such time that Plaintiff designates an expert to be called as a witness at trial, this interrogatory response will be supplemented.

19.

A current CV and all statements for services rendered by each expert retained to testify in this case.

**RESPONSE:** Plaintiff objects to Request No. 19 on the grounds that a party may not be compelled to identify experts who may have been consulted but who are not expected to testify at the trial. Likewise, Plaintiff is under no obligation to produce documents generated by such an individual. Furthermore, any reports or opinions held by any experts are discoverable only as prescribed by F.R.C.P. 26. Subject to and without waiving the foregoing objections, Plaintiff states that at this early stage of discovery, he has not retained an expert expected to testify at trial. At such time that Plaintiff designates an expert to be called as a witness at trial, this interrogatory response will be supplemented.

20.

All **documents** that contain information, whether or not hearsay, as to the

cause or nature of this **occurrence** that have not already been requested.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

21.

The pleadings, depositions, releases, and all medical reports and related **documents** concerning all suits and other claims made by **you** or on **your** behalf for damages for bodily injury or property damage within the past fifteen (15) years.

**RESPONSE:** Plaintiff has no documents responsive to this Request.

22.

All **documents** identified or referenced in response to these Defendants' First Interrogatories to **Plaintiff**.

**RESPONSE:** Plaintiff has produced all documents responsive to this Request.

23.

Please produce all **documents** for any cell phone, car phone, mobile phone, pager, or radio communication device which **you**, owned, had access to or used on the date of the **occurrence**, including, but not limited to, billing statements, invoices, and itemized statements inclusive of the date of the **occurrence** (authorization attached).

**RESPONSE:** Plaintiff has no documents responsive to this Request. Further, Plaintiff was rear-ended by the Defendant, so these documents are not relevant to the present action.

24.

Produce all photographs and videotape taken of **you** after the date of the **occurrence**.

**RESPONSE:** Plaintiff objects to Request #24 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving said objection, See documents produced herein.

25.

A completed authorization for the release of **your** employment records from all employers within the past ten (10) years. *See* Authorization attached hereto for your convenience.

**RESPONSE:** Plaintiff objects to Request #25 as Plaintiff is not making a lost wage claim at this time. Thus, these documents are not relevant to the present action. Further, the Federal Rules of Civil Procedure do not require Plaintiff to execute any releases in favor of Defendants.

27.

A completed IRS form 4506 for release of tax records for the years 2011, 2012, 2013, 2014 and 2015. *See* attached IRS Forms 4506 for your convenience.

**RESPONSE:** Plaintiff objects to Request #27 as Plaintiff is not making a lost wage claim at this time. Thus, these documents are not relevant to the present action. Further, the Federal Rules of Civil procedure do not require Plaintiff to execute any releases in favor of Defendants.

28.

A completed authorization for the release of **your** Social Security Disability Insurance filings and records from the Social Security Administration. *See* Authorization attached hereto for your convenience.

**RESPONSE:** Plaintiff objects to Request #28 as Plaintiff has not filed for Social Security Disability. Further, the Federal Rules of Civil Procedure do not require Plaintiff to execute any releases in favor of Defendants.

29.

All documents that reference or relate to any posting on any computer websites identified in response to Interrogatory No. 24, or to any other Interrogatory.

**RESPONSE:** Plaintiff has no documents responsive to this Request.

This 22nd day of September, 2017.

Respectfully Submitted,

**FRIED ROGERS GOLDBERG LLC**

By: _____

**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J.D. ROGERS**
Georgia Bar No. 100081

3550 Lenox Road
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@frg-law.com
Email: Eric@frg-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *PLAINTIFF'S RESPONSE TO DEFENDANT BULKMATIC TRANSPORT COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF* upon all parties to this matter by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

R. Scott Masterson, Esq.
J. Marshall "Buzz" Wehunt, Esq.
Lewis Brisbois Bisgaard & Smith LLP
1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309

This 22nd day of September, 2017.

FRIED ROGERS GOLDBERG LLC

By: _____

**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J.D. ROGERS**
Georgia Bar No. 100081

3550 Lenox Road
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@frg-law.com
Email: Eric@frg-law.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MAHER ELSAYED,

                        Plaintiff,

vs.

LAKETA PENNINGTON, BULKMATIC          CIVIL ACTION
TRANSPORT COMPANY, and                FILE NO.: 1:17-cv-02366-SCJ
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

                        Defendants.

## RULE 5.4 CERTIFICATE REGARDING DISCOVERY

Pursuant to Local Rule 5.4, NDGa, I hereby certify that on September 22, 2017, the following documents were served upon the parties of record:

1. PLAINTIFF'S RESPONSE TO BULKMATIC TRANSPORT COMPANY'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS.

Dated on September 22, 2017.

                              FRIED ROGERS GOLDBERG LLC

                              By: */s/ Eric J.D. Rogers*
                              MICHAEL L. GOLDBERG
                              GEORGIA STATE BAR NUMBER 299472
                              ERIC J.D. ROGERS
                              GEORGIA STATE BAR NUMBER 100081

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E.
SUITE 1500
ATLANTA, GEORGIA 30326
404-591-1800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this day, electronically filed this RULE 5.4 CERTIFICATE REGARDING DISCOVERY with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

R. Scott Masterson
J. Marshall "Buzz" Wehunt
Lewis Brisbois Bisgaard & Smith, LLP
1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309

Dated on September 22, 2017.

FRIED ROGERS GOLDBERG LLC

By: /s/ Eric J.D. Rogers
MICHAEL L. GOLDBERG
GEORGIA STATE BAR NUMBER 299472
ERIC J.D. ROGERS
GEORGIA STATE BAR NUMBER 100081