# IN THE UNITED STATED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MAHER ELSAYED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:17-CV-02366-SCJ |
| LAKETA PENNINGTON, ) | |
| BULKMATIC TRANSPORT ) | |
| COMPANY, and NATIONAL ) | |
| UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT

COUNTY OF FULTON
STATE OF GEORGIA

1.

My name is M. Andrew Echols. I am over the age of 18 and otherwise competent to give this Affidavit. All matters stated in this Affidavit are based upon my personal knowledge.

2.

I am an associate with the law firm of Lewis Brisbois Bisgaard & Smith, LLP ("Firm").

3.

The Firm is representing the four party-defendants in this lawsuit.

4.

The Plaintiff's Supplemental Response to Defendant Bulkmatic's First Interrogatories and Requests for Production was received by Defendants's counsel during the first week of March, less than 20 days before the end of discovery.

5.

The Supplemental Response identified, for the first time in this litigation, expert witnesses the Plaintiff intended to present at trial.

6.

After reviewing the Supplemental Response, Defendant's counsel requested assistance from a nurse paralegal to contact physicians qualified to offer their own expert opinions regarding Plaintiff's treatment.

7.

Unfortunately, several of the physicians contacted were not available or did not respond to the initial inquiry.

8.

It became apparent that it would be impossible to depose the Plaintiff's recently disclosed experts and retain defense experts with less than two weeks remaining in the discovery period.

9.

Defendants notified Plaintiff that less than three weeks was not sufficient time to complete discovery and disclose its experts.

10.

Rather than file a Motion to Exclude Plaintiff's experts due to the untimely disclosure, Defendant proposed a 60 day extension to complete discovery and disclose experts.

11.

Defendants proceeded with the retention of experts and the Parties jointly submitted a Motion for Extension of Time to Complete Discovery.

12.

The following day, the Parties agreed to conduct discovery depositions of Plaintiff's experts on April 23rd and 24th. (Exhibit "B").

13.

As the Parties continued scheduling dates with medical experts, Defendants offered to make their experts available for a discovery deposition.

14.

During this time, Defendants retained experts were still in the process of reviewing more than 500 pages of medical records related to the Plaintiff's post-accident care.

15.

After completing a preliminary review, both of Defendants' expert requested copies of the actual x-ray and MRI images, as the records produced only contained radiology reports.

16.

The production of these records was complicated by the fact the Plaintiff's providers had to pull the films from archives.  By example, the Plaintiff's initial MRI was not received until April 18, 2018, approximately 43 days after it was subpoenaed by Defendants.

17.

Defendants proceeded with serving an Expert Disclosure on April 19, 2018, providing the experts *curriculum vitae*, fee schedules, and areas of testimony.

18.

Reports for Dr. Greenfield and Dr. Terrell were provided in supplement on May 4th and 9th, respectively. (Id.)

19.

Based on the Plaintiff's prior agreement to allow an additional 60 days for Defendants to disclose their experts, as well as Plaintiff making his experts available for depositions beyond the 30 day extension period, Defendants erroneously presumed Plaintiff would abide by the agreement between the parties.

20.

Defendants completed two discovery depositions of Plaintiff's medical doctors, each of which cost several thousand dollars to complete.

21.

Defendants anticipate spending several thousand dollars for each of its retained experts for their time to review and complete reports of their opinions.

22.

Both Dr. Greenfield and Dr. Terrell are practicing orthopaedic surgeons and perform consulting expert work in addition to their full time obligations with their respective medical practices.

4831-0296-8926.1

                                                                          _____

                                                                          M. Andrew Echols

Sworn to and Subscribed before me
This 10th day of MAY, 2018.

_____
Notary Public

My Commission Expires: 6/16/18

```
VONDA DAVIS
NOTARY PUBLIC
FULTON COUNTY
STATE OF GEORGIA
My Commission Expires June 16, 2018
```